# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOBBY JOHNSON,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN, *et al.*,<br>*Defendants*. | No. 3:17-cv-1479 (JAM) |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Plaintiff Bobby Johnson has filed this action for damages against the City of New Haven and six members of the New Haven police department whom Johnson believes are responsible for his wrongful arrest, conviction, and imprisonment. Several of the defendants—including the City of New Haven and four supervisory defendants Francisco Ortiz, Patrick Redding, Herman Badger, and Andrew Muro have moved to dismiss several counts of the amended complaint, including Count Four (primary § 1983 claim), Count Six (failure to intervene under § 1983), Count Seven (supervisory liability under § 1983), Count Eight (municipal liability under § 1983), Count Twelve (negligence), Count Thirteen (Article First, §§ 7 and 9 of the Connecticut Constitution), and Count Fifteen (Conn. Gen. Stat. § 52-557n). Two more of the defendants— Clarence Willoughby and Michael Quinn—have not joined in any motion to dismiss.

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a facially plausible claim for relief.

I will grant the motion to dismiss Count Six on the basis of plaintiff's representation that he does not intend to pursue this claim. *See* Doc. #55 at 7.

I will otherwise deny the motion to dismiss as to all other counts of the complaint. As to Counts Four and Seven, I conclude that plaintiff has pleaded sufficient facts to raise a plausible inference that all four supervisory officials failed to take corrective action, were grossly negligent in supervision, or were deliberately indifferent to plaintiff's constitutional rights. *See Rolon v. Ward*, 345 F. App'x 608, 611 (2d Cir. 2009) (outlining principles of supervisory liability). The allegations that all four officials knowingly signed off on or approved fraudulent fund requests submitted by defendant Willoughby raise a plausible inference that these officials were aware of and condoned significant misconduct within the New Haven police department. Moreover, plaintiff has sufficiently pled facts that these officials either knew or were deliberately indifferent to unconstitutional investigative tactics, such as coerced confessions, that were occurring within the police department.

As to Count Eight for municipal liability against the City of New Haven under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), I find that plaintiff has adequately alleged that the City had a custom, policy, or practice of fabricating false evidence in serious felony cases and of failing to discipline police misconduct. I further find that plaintiff has cited sufficient evidence

suggesting that this policy was a pattern that repeated over many years, and that this policy directly caused the alleged violations of plaintiff's constitutional rights.

As to Count Twelve for negligence against the individual defendants and Count Fifteen for municipal liability under Conn. Gen. Stat. § 52-557n, I find that the factual allegations of the amended complaint support a plausible inference that the identifiable-person-subject-to-imminent-harm exception to governmental and discretionary act immunity under Connecticut law applies. Connecticut courts apply a three-part test to determine if this exception applies: there must be "(1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." *Doe v. Petersen*, 279 Conn. 607, 616 (2006). Plaintiff has pled adequate facts to raise a plausible inference that it was apparent to the supervisory defendants that this particular plaintiff would likely be subject to violations of his constitutional rights leading to a wrongful prosecution, conviction, and subsequent imprisonment. *See Dipane-Saleem v. Gallagher*, 2016 WL 1060190, at *7–8 (D. Conn. 2016) (denying motion to dismiss negligence claims against both city and individual officers pursuant to the identifiable-person-subject-to-imminent-harm exception).

As to Count Thirteen for violations of plaintiff's rights under Article First, §§ 7 and 9 of the Connecticut Constitution against the individual defendants, I find that plaintiff has alleged a facially plausible claim. In *Binette v. Sabo*, 244 Conn. 23 (1998), the Connecticut Supreme Court recognized a private constitutional right of action for violations of Article First, §§ 7 and 9. Defendants have not pointed to any authority suggesting that a plaintiff may not bring such a claim based on supervisory liability. *See Golodner v. City of New London, Conn.*, 2015 WL 1471770, at *9 (D. Conn. 2015). Accordingly, I will allow this claim to proceed.

In short, the Court GRANTS in part the motion to dismiss (Doc. #39) as to Count Six as

to defendants Francisco Ortiz, Patrick Redding, Herman Badger, and Andrew Muro, but DENIES the motion to dismiss as to Counts Four, Seven, Eight, Twelve, Thirteen, and Fifteen. It is so ordered.

Dated at New Haven this 6th day of July 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge