# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

BOBBY JOHNSON,
    *Plaintiff*,

v.

CITY OF NEW HAVEN, *et al.*,
    *Defendants*.

No. 3:17-cv-1479 (JAM)

## ORDER ON DISCOVERY DISPUTE

Plaintiff Bobby Johnson seeks to require defendants City of New Haven, Francisco Ortiz, Patrick Redding, Herman Badger, and Andrew Muro to produce four sets of documents as part of discovery for his lawsuit against defendants and two other defendants (Clarence Willoughby and Michael Quinn) for wrongful arrest, conviction, and imprisonment. Doc. #99. Defendants have objected to each request. Doc. #101. After considering the submissions and arguments of the parties at a discovery hearing on September 5, 2018, I overruled defendants' objections to plaintiff's first and third requests and overruled in part and sustained in part defendants' objections to plaintiff's second and fourth requests for the reasons stated on the record.

To the extent I overrule defendants' objections to any request, I do so without prejudice to a document-by-document claim of any state law statutory privacy privilege or the law enforcement privilege. To the extent that defendants would claim that all requested documents as a class are subject to privilege, I overrule this claim and order the documents to be produced in discovery. Any document-by-document claim of privilege should be made in good faith accounting for the time elapsed since the events and investigations at issue in this case, and must be accompanied by a privilege log. *See In re City of New York*, 607 F.3d 923, 944, 948 (2d Cir. 2010).

***Request #1: New Haven Police Department ("NHPD") Investigation Files from the Howell, Bennett, and Wright Murders***

Plaintiff's first request is for:

> "NHPD investigative files from the following other homicide cases:
>
>   a. the December 24, 2006, Tony Howell murder;
>
>   b. the November 27, 2006, Robert Bennett murder; and
>
>   c. the June 23, 2005, Kevin Wright murder."

Doc. #99 at 1. After considering defendants' objection to the request and plaintiff's given reason for requesting the files, I concluded that plaintiff requests documents that are relevant to his claims, and so overruled defendants' objection. *See* Fed. R. Civ. P. 26(b)(1). *Compare Chepilko v. City of New York*, 2012 WL 398700, at *15 (E.D.N.Y. 2012) ("Subsequent or contemporaneous conduct can be circumstantial evidence of the existence of preceding municipal policy or custom."), *with Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) ("[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 395 (1989) (O'Connor, J., concurring in part and dissenting in part))).

***Request #2: Documents Relating to Larry Mabery and Richard Benson***

Plaintiff next requests:

> "Any of the following documents and information in the NHPD's possession and control regarding the alleged true perpetrators of the Fields homicide, Larry Mabery and Richard Benson:
>
>   a. cooperation agreements

      b. documents related to either of these individuals working as cooperating witnesses or informants

      c. any documents indicating these individuals were investigated for any felony

      d. any documents indicating an ongoing relationship between either of these individuals and any of the Defendants in this case

      e. and any documents indicating connections between Mabery and Benson."

Doc. #99 at 1-2. Because plaintiff requests documents that are highly relevant to the claims at issue in this case, I overruled defendants' objection in part and sustained the objection in part. Defendant must only produce responsive documents pursuant to plaintiff's request until April 2008.

### *Request #3: Investigative Files of the Rodriguez and Mallory Murders*

Plaintiff's third request is for "Any documents not already produced by Plaintiff, contained in the investigative files of the Domingo Rodriguez and Samuel Mallory murders." Doc. #99 at 2 (footnote omitted). For substantially the same reasons of relevancy as plaintiff's second request, I overruled defendants' objection to this request. I did so on the understanding that plaintiff has already obtained some documents from these files, and that defendants will conduct a side-by-side comparison between those documents already in plaintiff's possession to determine what further documents, if any, are responsive and must be produced.

### *Request #4: Records Pertaining to Supervisory Defendants*

Plaintiff's fourth request is for numerous documents pertaining to the supervisory defendants. In particular, plaintiff requests

> "For supervisory Defendants Redding, Muro, Ortiz, and Badger:
>
> a. Performance evaluations
>
> b. Training records (as have already been provided for Defendants Quinn and Willoughby)
>
> c. Records of any substantiated or unsubstantiated civilian complaints; NHPD internal allegations, complaints, or investigations of misconduct; and criminal or civil proceedings involving allegations of officer misconduct; on the following topics, which are directly relevant to the types of misconduct allegations Plaintiff has made in this case:
>
>     i. general character for truthfulness
>
>     ii. interrogation of juveniles
>
>     iii. witness and suspect interview practices generally
>
>     iv. homicide investigations
>
>     v. documentation
>
>     vi. supervision
>
>     vii. collection, maintenance, and reporting related to physical evidence"

Doc. #99 at 2. Defendants have already agreed to provide the supervisory defendants' training records. Doc. #101 at 5. After considering defendants' objection and plaintiff's reasons for requesting the documents, I overruled defendants' objection in part and sustained the objection in

part. Defendants must produce records pursuant to plaintiff's request, but only from within the ten-year period prior to the Fields murder investigation in August 2006. Within that period, defendants must only produce records for each supervisory defendant for the time period when that defendant held the rank of Detective or higher within the NHPD. I will also limit the scope of discovery to exclude records included by this request that deal only with defendants' "general character for truthfulness." *See* Doc. #99 at 2.

## CONCLUSION

Defendants' objection to plaintiff's first request is OVERRULED. Defendants' objection to plaintiff's second request is OVERRULED IN PART and SUSTAINED IN PART. Defendants' objection to plaintiff's third request is OVERRULED. Defendants' objection to plaintiff's fourth request is OVERRULED IN PART and SUSTAINED IN PART. Plaintiff's previous motion to compel document production (Doc. #81) is DENIED AS MOOT. Defendants shall produce all material on a good faith rolling basis and complete production of documents within the scope of this Order by **November 5, 2018**. In the event that defendants intend to assert a claim of privilege as to any document, defendants shall furnish a privilege log to plaintiff by **October 5, 2018**, to the extent that defendants' counsel has obtained such documents, and promptly thereafter for any subsequently acquired documents. All discovery shall be completed by **March 1, 2019**. Counsel for the parties shall confer and propose an amended scheduling order with interim deadlines.

It is so ordered.

Dated at New Haven this 6th day of September 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge