# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

BOBBY JOHNSON,
    *Plaintiff*,

v.

CITY OF NEW HAVEN *et al*,
    *Defendants*.

No. 3:17-cv-01479 (JAM)

## NOTICE OF DISQUALIFICATION

Plaintiff Bobby Johnson has filed this action for damages against the City of New Haven and individual members of the New Haven Police Department whom Johnson believes are responsible for his wrongful arrest, conviction, and imprisonment. The action has proceeded through initial motions and discovery, and last week counsel appeared before the Court for arguments on motions for summary judgment.

Very shortly before holding argument on the summary judgment motions, I realized for the first time that there might be a basis for my recusal from this action. After further consideration of this basis, I contacted counsel last week to schedule a teleconference for yesterday. This notice of disqualification sets forth the basis as explained in the teleconference for my decision to recuse myself from this action.

In the Spring of 2007, I was a law professor at the Quinnipiac University School of Law, following years of service as a federal prosecutor in Connecticut. After the much-publicized arrest of Lt. William (Billy) White of the New Haven Police Department, Mayor John DeStefano retained a national police consulting firm known as the Police Executive Research Forum ("PERF") to conduct an audit of the operations of the New Haven Police Department and to

1

propose reforms. Mayor DeStefano also created an *ad hoc* citizen's panel known as the Independent Accountability Panel ("IAP") to gather public input and to comment on PERF's audit and reform proposals.

Mayor DeStefano contacted me to request that I serve as a volunteer co-chair of the IAP. Beginning in May 2007, the IAP convened several community forums in New Haven to solicit input from the community about how the police department should be reformed. These forums were also attended by representatives of PERF and by police officials. A news account reflects that defendants Ortiz as police chief and Badger as assistant police chief attended at least one of the forums.[1] I would expect that Ortiz and/or Badger likely attended other forums and meetings involving PERF and the IAP, although I do not recall any conversations or dealings with them.

After PERF issued a draft report to propose certain reforms to the New Haven Police Department, I coordinated the IAP's response to PERF's recommendations and forwarded the IAP's comments to the Mayor's office. PERF issued its final report in November 2007.[2] The IAP did not otherwise generate its own report. After the submission of these comments on the PERF report, I do not recall any further action taken by the IAP or by me with respect to any proposed reforms to the New Haven Police Department.

Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 further provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or

---

[1] *See* Melinda Tuhus, *Police Responsiveness a Focus at Forum*, NEW HAVEN INDEPENDENT (May 24, 2007).
[2] *See* Melissa Bailey, *Read Final PERF Report*, NEW HAVEN INDEPENDENT (Nov. 16, 2007), available at https://www.newhavenindependent.org/index.php/archives/entry/read_final_perf_report/. There were numerous media accounts in 2007 about the arrest of Billy White, the City's retention of PERF, and the advisory role of the IAP.

"[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." § 455(b)(1) & (b)(3). The U.S. Code of Conduct for United States Judges likewise imposes an obligation on federal judges to uphold the integrity and independence of the Judiciary and to perform judicial duties fairly and impartially. *See generally* Code of Conduct for U.S. Judges (effective March 12, 2019).

I believe that I am and would be fair and impartial in this action, and I do not believe that I held a position or acquired knowledge that actually undermined my ability to be impartial. Nevertheless, a judge's duty to recuse extends to situations where there is even an appearance that a judge would not be impartial—where the judge's impartiality might reasonably be questioned. *See, e.g.*, *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). I conclude that there would be an appearance that I would not be impartial in light of my prior service as co-chair of the IAP. Because the events at issue concerning Bobby Johnson's guilty plea and sentencing took place at the same time as my involvement with the IAP and because I attended IAP forums on the subject of police department reforms with two of the named defendants (Ortiz and Badger) in 2007, whose supervisory conduct at that time is very much in dispute in this action, I conclude that my impartiality could be reasonably subject to question in light of the timing and particular facts of this case.

Accordingly, I have decided to recuse myself from this action. The parties have worked hard to ensure the expeditious progress of this case, and I regret that I did not realize and appreciate this ground for disqualification at an earlier time. The Clerk of Court shall place this case in the wheel for random assignment to another district judge in the District of Connecticut.

It is so ordered.

Dated this 23rd day of October 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge